UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joel Marvin Munt, | Case No. 19-cv-1560 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Paul Schnell, David Reishus, Sherlinda Wheeler, Jeff White, Jeanne Michels, Sue Farmer, and Glenn D. Lisowy, | |
| Defendants. | |

---

This matter is before the Court on the June 22, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 73.) The R&R recommends granting Defendants' motion to dismiss.[1] Plaintiff Joel Marvin Munt filed timely objections to the R&R and Defendants filed a timely response. For the reasons addressed below, the Court overrules Munt's objections, adopts the R&R, grants Defendants' motion to dismiss, and dismisses this case.

## BACKGROUND

As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. On June 13, 2019, Munt commenced this action against Defendants, who work for the Minnesota Department of Corrections. At that time, Munt was incarcerated at the Minnesota Correctional Facility in Oak Park

---

[1] The R&R inadvertently refers to Defendants' motion to dismiss as "Plaintiff's Motion to Dismiss."

Heights, Minnesota (MCF-OPH). On August 29, 2019, Munt filed an amended complaint alleging two retaliation claims against Defendants under 42 U.S.C. § 1983. Specifically, Munt alleges that Defendants retaliated against him by filing a disciplinary charge against him and by changing the printing policies at MCF-OPH. Munt also alleges an access-to-the-courts claim, an equal-protection claim, and a conspiracy claim against Defendants. Munt seeks a declaratory judgment, injunctive relief, and compensatory relief, including punitive damages.

On November 6, 2019, after commencing this action, Munt was transferred from MCF-OPH to the Minnesota Correctional Facility in Rush City, Minnesota (MCF-RC). And on December 16, 2019, Defendants filed the pending motion to dismiss. The June 22, 2020 R&R recommends granting Defendants' motion to dismiss. Munt filed timely objections to the R&R, and Defendants filed a timely response to Munt's objections.

## ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to an R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is not reviewed *de novo*; rather, such an objection is reviewed for clear

error. *Id.* Because Munt is proceeding *pro se*, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### I. Munt's Objections to the R&R

Although Munt advances numerous objections to the R&R, the Court addresses only those objections for which Munt has stated a discernable factual or legal basis.

### A. Retaliatory Discipline

The R&R concludes that, because Munt's complaint demonstrates that the alleged retaliatory discipline was imposed as a result of Munt's actual violation of prison rules, Munt's retaliatory-discipline claims fail. Munt objects to this conclusion on the grounds that there is no evidence that he was disciplined for violating a prison rule nor is there evidence that his conduct violated any rule.

To state a claim for retaliatory discipline, Munt must plausibly allege that (1) he exercised a constitutional right, (2) Defendants disciplined Munt, and (3) the motive for the discipline was Munt's exercise of the constitutional right. *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009) (citing *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007)). A prisoner may bring a claim for retaliatory discipline under 42 U.S.C. § 1983 when a prison official files a disciplinary charge in retaliation for a prisoner's exercise of constitutional rights. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). But such a claim fails if the action alleged to be retaliatory was taken for an actual violation of prison rules. *Id.* A prison official may successfully defend against a retaliatory-discipline claim by proffering "some evidence" that the inmate violated a rule. *Id.* (citing *Goff v. Burton*, 7 F.3d 734, 738–39 (8th Cir. 1993)). To state a claim, an

3

allegation of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

Munt objects to the R&R's analysis to the extent it suggests that "a prison official may defend against [a] retaliatory discipline claim with 'some evidence' of [an] actual rule violation" at the motion-to-dismiss stage. Munt astutely observes that this particular phrasing is more commonly used when analyzing a motion for summary judgment. But a claim for retaliatory discipline nonetheless will not survive a motion to dismiss "when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). Although Munt alleges that Defendants took an adverse action against him when they disciplined him for the policy violation, Munt does not allege facts that establish that he exercised a constitutional right or that his exercise of a constitutional right was the motive for the disciplinary action. Rather, Munt alleges in his amended complaint that he was disciplined for violating a facility rule that limits inmates' access to the Internet. As such, the amended complaint establishes that the discipline was based on Munt's actual violation of MCF-OPH policy, not his exercise of a constitutional right. Similarly, as to the restrictions placed on Munt's ability to print materials in the prison law library, the amended complaint fails to allege facts that connect such restrictions to Munt's exercise of a constitutional right. Instead, the amended complaint merely speculates that the motive for these restrictions "appears to have been" to hinder his access to the courts.

Accordingly, because the allegations in Munt's amended complaint do not state a retaliatory-discipline claim, Munt's objection to this aspect of the R&R is overruled.

4

### B.  Conspiracy

Munt also objects to the R&R's conclusion that his conspiracy claims should be dismissed because he fails to identify a constitutional right of which he was deprived and because his conclusory statements asserting that Defendants conspired to harm him are insufficient to state a claim.

To state a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a defendant conspired with others to deprive the plaintiff of one or more constitutional rights, (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy, and (3) the overt act injured the plaintiff.  *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008).  To state a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must allege that (1) the defendants conspired with the intent to deprive the plaintiff, either directly or indirectly, of equal protection of the law or equal privileges and immunities under the law; (2) the defendants committed an act in furtherance of the conspiracy; and (3) the plaintiff or the plaintiff's property was injured, or the plaintiff was deprived of exercising a right or privilege of a citizen of the United States.  *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005).  A plaintiff must plead allegations of conspiracy with sufficient specificity and factual support to suggest a "meeting of the minds."  *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (internal quotation marks omitted).

Munt objects to the R&R's determination that his allegations of conspiracy are conclusory, arguing that there are "factual allegations from which a jury could infer a meeting of minds."  Munt identifies "Lisowy's statements supporting a discussion with Farmer and Michels about [Munt's] protected conduct and the discipline" that followed.

5

Munt's challenge to the factual basis for the R&R's conclusion is unavailing. At best, Munt's amended complaint alludes to Defendants' participation in a conspiracy to violate his constitutional rights. But Munt alleges no specific facts. Instead, he makes numerous conclusory statements that Defendants were engaged in a conspiracy. Munt's reliance on these statements and general assertions of conspiracy fail to state a Section 1983 conspiracy claim. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (stating that "parallel conduct does not suggest [a] conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"). Munt also has not alleged a meeting of the minds among the Defendants or that any Defendant acted in furtherance of the alleged conspiracy.

As to Munt's Section 1985 claim, Munt fails to satisfy the first element of a conspiracy claim. Defendants are employees and agents of the Minnesota Department of Corrections. A government entity cannot conspire with itself. *Habhab v. Hon*, 536 F.3d 963, 969 (8th Cir. 2008); *Barstad*, 420 F.3d at 887. Although "[a]n exception arises when the agents were, at the time of the conspiracy, acting beyond the scope of their authority or for their own benefit," Munt makes no such allegation. *Barstad*, 420 F.3d at 887. Consequently, Munt's Section 1985 conspiracy claim fails.

Moreover, Munt also fails to plausibly allege facts as to the second element of a Section 1983 claim, which requires the conspiracy to be for the purpose of depriving equal protection of the law or equal privileges and immunities. To satisfy this element, the conspirators' action must be class-based and invidiously discriminatory. *Kush v. Rutledge*, 460 U.S. 719, 726 (1983). But Munt alleges no membership in a protected class, as

6

prisoners do not constitute a protected class. *Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

For these reasons, Munt's objections to this aspect of the R&R are overruled.

### C. Access to the Courts

The R&R concludes that Munt's access-to-the-courts claim, which is not expressly pleaded but is inferable from Munt's allegations, should be dismissed because Munt alleges no facts that would establish that Defendants intended to restrict his court access or that Defendants' conduct prevented Munt from litigating his legal claims. Munt objects to the R&R's rationale that his "voluminous filings in both this and other pending matters" demonstrate his ability to "zealously litigate his claims." In support of his objection, Munt observes that "[i]t is not the quantity but the substance of the pleadings that matters."

To state an access-to-the-courts claim, Munt must allege that Defendants intended to restrict his court access and that their conduct actually hindered his efforts to litigate his claims. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005). Munt alleges that his ability to print documents was limited and that, while in administrative segregation, he "was denied access to the Law Library and [his] legal papers, leaving [him] unable to do work on 3 suits." Munt alleges no facts that would establish that Defendants intended to restrict his access to the Court. Nor has Munt alleged that he was actually hindered from meaningfully litigating his legal claims. At best, Munt's allegations suggest that he has encountered printing policies that he finds inconvenient and a temporary disruption in his ability to access the prison law library as a collateral consequence of discipline imposed on Munt for violating an MCF-

7

OPH policy. Munt's contention that the magistrate judge may not consider his voluminous submissions in the present case and other ongoing cases when assessing his access-to-the-courts claim is without merit. An inmate's participation in litigation may demonstrate that the inmate was not, in fact, denied access to the courts. *See, e.g.*, *Conway v. Oliver*, 429 F.2d 1307, 1308 (9th Cir. 1970) (observing that a plaintiff's prolific court filings while incarcerated belied his claimed deprivation of access to the court); *Wilson v. Prasse*, 404 F.2d 1380, 1381 (3d Cir. 1968) (concluding that "the many civil actions" filed by appellant "support[ ] the conclusion of the District Court that the contention that appellant had been denied access to the courts was frivolous"). Here, the record supports the magistrate judge's findings and conclusions.

Accordingly, Munt's objections to this portion of the R&R are overruled.

### D.     Equal Protection

The R&R also concludes that Munt's equal-protection claim should be dismissed because Munt fails to allege a specific and detailed account of the nature of the preferred treatment of the alleged favored class or an actual injury. Munt objects to the R&R's recitation of the legal standard and states that he only needed to allege that "others [were] being treated differently" than he was treated.

The Equal Protection Clause of the United States Constitution requires state actors to treat similarly situated persons alike. *Ganley v. Minneapolis Park & Recreation Bd.*, 491 F.3d 743, 747 (8th Cir. 2007). State actors do not violate the Equal Protection Clause if they treat dissimilarly situated persons dissimilarly. *Id.* To state an equal-protection claim, Munt must allege that he was treated differently from others who are similarly situated.

8

*Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004). When, as here, Munt seeks to state an equal-protection claim as a "class of one," he must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In doing so, Munt must " 'provide a specific and detailed account of the nature of the preferred treatment of the favored class,' especially when the state actors exercise broad discretion to balance a number of legitimate considerations." *Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008) (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1214–15 (10th Cir. 2004)).

Munt's equal-protection claim pertains to the printing restrictions imposed by MCF-OPH. But, as a class of one, Munt fails to allege sufficient facts to state an equal-protection violation. None of the allegations in Munt's complaint provides a detailed account of the nature of the preferred treatment of the favored class. Nor does Munt allege facts that would support an inference that he was treated differently from similarly situated individuals. Munt's complaint vaguely alleges that "other inmates were being allowed to continue printing forms" that Munt was not allowed to print and that two other inmates printed such forms on two isolated occasions. But his complaint lacks any specific or detailed allegation that other inmates were similarly situated to him *and* intentionally treated differently or less restrictively than he was treated. Moreover, Munt's allegations do not identify a specific injury that he has suffered as a result of the printing restrictions.

Munt's objection to the R&R's recitation of the legal standard also is unavailing. He articulates and relies on an erroneous legal standard—that he only needs to allege that

9

others were treated differently than he was treated. *See Nolan*, 521 F.3d at 990. Simply put, this is not a correct statement of the law. The R&R's recitation and application of the applicable legal standard is sound. *Willowbrook*, 528 U.S. at 564; *see, e.g.*, *Flinchum v. City of Beattyville*, 224 F. Supp. 3d 536, 542 (E.D. Ky. 2016) (addressing equal-protection claim under a class-of-one theory in the context of a motion to dismiss).

Accordingly, Munt's objections to this aspect of the R&R are overruled.

### E.     Other Objections

The R&R also concludes that, if any of Munt's claims are not dismissed for failure to state a claim on which relief can be granted, Munt's claims should be dismissed based on immunity, mootness, and the unavailability of the punitive and injunctive relief Munt seeks. Munt objects to these aspects of the R&R. However, because the Court adopts the R&R's recommendation to dismiss all of Munt's claims for failure to state a claim on which relief can be granted, the Court need not address Munt's objections to these alternative recommendations in the R&R.

## II.     Clear Error Review

Even when liberally construed, Munt's remaining objections lack sufficient specificity to warrant a *de novo* legal analysis. For this reason, the Court reviews the balance of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Montgomery*, 98 F. Supp. 3d at 1017 (observing that objections to an R&R that "are not specific but merely repeat

arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Joel Marvin Munt's objections to the June 22, 2020 R&R, (Dkt. 74), are **OVERRULED**.

2. The June 22, 2020 R&R, (Dkt. 73), is **ADOPTED**.

3. Defendants' motion to dismiss, (Dkt. 39), is **GRANTED**.

4. This case is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 2, 2020                    s/Wilhelmina M. Wright
                                            Wilhelmina M. Wright
                                            United States District Judge