UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joel Marvin Munt,                         Case No. 19-cv-1560 (WMW/BRT)

           Plaintiff,

                                                              **ORDER**

      v.

Paul Schnell et al.,

           Defendants.

---

       This matter is before the Court on Plaintiff Joel Marvin Munt's motion for relief from judgment. (Dkt. 78.) For the reasons addressed below, Munt's motion is denied.

       On June 13, 2019, Munt commenced this action against Defendants, who work for the Minnesota Department of Corrections. On September 2, 2020, the Court granted Defendants' motion to dismiss. Munt subsequently filed the pending motion for relief from judgment, pursuant to Rule 60, Fed. R. Civ. P.

       Munt argues that he is entitled to relief from judgment pursuant to Rule 60(b)(1), (4) and (6), because the Court (1) did not address his claim that the disciplinary rules are unconstitutional, (2) misrepresented the conduct involved and improperly resolved a factual dispute, (3) failed to draw reasonable inferences, and (4) failed to give leave to amend. Overall, it appears that Munt is challenging the Court's September 2, 2020 Order and seeking to have the Court's conclusions reviewed.

       "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (internal

quotation marks omitted).  Munt requests relief pursuant to Rule 60(b)(1), which permits relief from a final judgment, order, or proceeding based on a "mistake, inadvertence, surprise, or excusable neglect," but does not afford relief based on an assertion that a court erred as a matter of law in granting judgment. *Id.* at 1063.  Munt does not identify any errors of the type that are governed by Rule 60(b)(1).  Accordingly, such relief is not warranted.

Munt also argues that relief is available under Rule 60(b)(4), which permits relief from a final judgment, order, or proceeding if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process."  *Bell v. Pulmosan Safety Equip. Corp.*, 906 F.3d 711, 714 (8th Cir. 2018) (internal quotation marks omitted).  Here, Munt has not argued that the Court either lacks jurisdiction or has acted in a manner inconsistent with due process.  Therefore, relief from judgment pursuant to Rule 60(b)(4) is not warranted.

Finally, Munt seeks relief pursuant to Rule 60(b)(6), which permits relief from a final judgment, order, or proceeding for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).   Rule 60(b)(6) is "an extraordinary remedy for exceptional circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (internal quotation marks omitted).  Here, Munt has not provided any argument as to why such an extraordinary remedy is warranted or why there are exceptional circumstances.  Therefore, Munt has failed to establish that relief from judgment pursuant to Rule 60(b)(6) is warranted.

In summary, relief from judgment pursuant to Rule 60(b)(1), (4), or (6), Fed. R. Civ. P., is not appropriate here. Therefore, Munt's motion is denied.

To the extent that Munt seeks reconsideration of the Court's September 2, 2020 Order, Munt has not complied with the relevant procedure under the Local Rules for filing such a motion. This District's Local Rule 7.1(j) prohibits filing a motion for reconsideration without leave of court. A party may receive permission to file a motion for reconsideration only by showing "compelling circumstances." LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). Absent a manifest error of law or fact, a motion for reconsideration cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made, or tender new legal theories for the first time. *See id.* Here, Munt has not sought permission to file a motion for reconsideration and, even if his motion is liberally construed as a request for such permission, he has not demonstrated compelling circumstances. Accordingly, reconsideration is not warranted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Joel Marvin Munt's motion for relief from judgment, (Dkt. 78), is **DENIED**.

Dated: April 19, 2021                                     s/Wilhelmina M. Wright
                                                                                                                 Wilhelmina M. Wright
                                                                                                                 United States District Judge